UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

United States of America

v.

Brandon Loyd,

Defendant.

**Decision and Order**

16-CR-13A

## I. INTRODUCTION

The Hon. Richard J. Arcara has referred this case to this Court under 28 U.S.C. § 636(b). (Dkt. No. 15.) Pending before the Court is a motion by defendant Brandon Loyd for pretrial release on conditions. (Dkt. No. 24.) Defendant asks for release primarily because his partner gave birth recently, and he wants to be able to assist with childcare. The Government opposes release given the string of robberies that defendant allegedly committed before his arrest, along with defendant's prior criminal history. According to the Government and the United States Probation Office ("USPO"), defendant also was out on bail for a state offense when the conduct in this case allegedly occurred.

The Court held a bail review hearing on August 31, 2016. For the reasons below, the Court denies the motion.

## II. BACKGROUND

This case concerns allegations that defendant brandished a pistol and robbed a bank before fleeing the scene in a rental car driven by his father. The case began with a pre-indictment criminal complaint that the Government filed on December 8, 2015. (Dkt. No. 1.) According to the complaint, defendant entered a Key Bank in Tonawanda, New York on December 7, 2015 and

demanded money. Defendant allegedly wore a mask and brandished a loaded pistol. Defendant left the bank with about $10,500 in currency and fled in a rental car driven by his father, the co-defendant in this case. At the detention hearing on December 10, 2015, defendant decided not to contest detention then, given an Erie County probation detainer, but reserved his rights to revisit detention later. (Dkt. No. 6.) The Government filed the indictment on February 2, 2016. (Dkt. No. 14.) In short, the indictment contains several counts against defendant alleging bank robbery, bank larceny, entering a bank with intent to commit a larceny, and brandishing a firearm in furtherance of a crime of violence. Following a couple of adjustments in the schedule, pretrial motions currently are due by October 5, 2016.

Defendant filed the pending motion on August 9, 2016. In his motion papers and at the bail review hearing, defendant seemed to suggest some weaknesses in the Government's evidence, including ambiguity about who appears in some video surveillance footage and about the actual use of any firearm. (*See, e.g.*, Dkt. No. 24 at 2 ("While there is an allegation in the indictment that he in fact did assault and put in jeopardy the life of another person by use of a dangerous weapon, all of the discovery indicates that there was no assault by use of a weapon or firearm to any person to cause injury.").) Primarily, though, defendant seeks release because he wants to help take care of his newborn child. His partner gave birth a few weeks ago, and defendant has proposed living at his mother's house with his partner and child and under conditions including an ankle monitor and gainful employment. The Government opposes defendant's release. The Government has proffered that defendant committed more than 10 robberies before being arrested for the one described in the complaint and indictment. The Government took note at the bail review hearing

that defendant, against the advice of counsel and the Court, made a statement that acknowledged the presumption of innocence while simultaneously conceding that "I did something serious." Defendant's statement added to the statement that he made to the USPO during his initial pretrial interview that his father was "the one that got me into this." Additionally, the Government pointed to defendant's criminal history. Defendant's criminal history includes two prior violent felonies; he was on bail for one when the offense in this case allegedly occurred.

## III.  DISCUSSION

As a preliminary matter, the Court has decided not to require defendant to meet any burden of showing "that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2). At his detention hearing, defendant chose not to seek bail only for procedural reasons—with the Erie County probation detainer in place, any determination of bail from this Court would have had little practical effect. The Court allowed defendant to waive his right to an immediate detention hearing while reserving his rights. The Court thus will consider defendant's eligibility for bail as if doing so in the first instance.

"The Eighth Amendment to the Constitution states that '[e]xcessive bail shall not be required.' U.S. Const. amend. VIII. Consistent with this prohibition, 18 U.S.C. § 3142(b) requires a court to order the pre-trial release of a defendant on a personal recognizance bond 'unless the [court] determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community.'" *U.S. v. Sabhnani*, 493 F.3d 63, 75 (2d Cir. 2007). Statutory factors to be considered when assessing non-

appearance or danger include the nature and circumstances of the offense charged, the weight of the evidence against the person, the history and characteristics of the person, and the nature and seriousness of the danger to any person or the community that would be posed by the person's release. *See* 18 U.S.C. § 3142(g).

With respect to non-appearance, "the government carries a dual burden in seeking pre-trial detention. First, it must establish by a preponderance of the evidence that the defendant, if released, presents an actual risk of flight. Assuming it satisfies this burden, the government must then demonstrate by a preponderance of the evidence that no condition or combination of conditions could be imposed on the defendant that would reasonably assure his presence in court." *Sabhnani*, 493 F.3d at 75 (citations omitted). "To order detention [based on danger], the district court must find, after a hearing, that the government has established the defendant's dangerousness by clear and convincing evidence. The rules of evidence do not apply in a detention hearing. Further, the government may proceed by proffer." *U.S. v. Ferranti*, 66 F.3d 540, 542 (2d Cir. 1995) (citations omitted).

Here, several factors help the Government meet its burden of showing dangerousness. Defendant faces serious charges of robbing a bank through a show of violence, and the Government has proffered that he has connections to numerous uncharged robberies as well. Without infringing on the presumption of innocence at trial, defendant has undermined any attempt by counsel to question the strength of the evidence through his statements to the USPO and in open court. *Cf. United States v. Cooper*, No. 90 CR. 514 (DNE), 1991 WL 60371, at *2 (S.D.N.Y. Apr. 9, 1991) (denying bail in part because, audibly in court, "the defendant told his

counsel that the substance in his pants was cocaine, not crack"). Defendant's criminal history includes two prior violent felony offenses; of particular note is the occurrence of this case while defendant was out on bail for a prior violent offense. *Cf. U.S. v. Ard*, No. 10-CR-184, 2011 WL 2421222, at *3 (W.D.N.Y. June 13, 2011) ("Defendant's criminal history includes one arrest while under probation supervision and two arrests while released on bail, demonstrating that Defendant is unable to comply with conditions of release."); *U.S. v. Barnett*, No. 5:03-CR-243, 2003 WL 22143710, at *12 (N.D.N.Y. Sept. 17, 2003) ("Every sentence of probation or parole requires a defendant to meet judicially imposed conditions, and violations of either are further evidence of a defendant's inability to comply with judicial mandates and supervision. Evidence of new criminal behavior while other charges are pending inevitably leads to the conclusion that a defendant places his own self-interests above that of the community. In turn, the community has a right to expect courts to protect it."). Finally, the Court harbors some concern about information in the pretrial services report and the USPO memorandum for the pending motion suggesting a history of drug abuse. *See* 18 U.S.C. § 3142(g)(3)(A) (listing "history relating to drug or alcohol abuse" among factors to consider); *U.S. v. Quartermaine*, 913 F.2d 910, 917 (11th Cir.1990) ("The [Bail Reform] Act [of 1984] specifically provides, however, for consideration of the accused's 'history relating to drug or alcohol abuse.'") (citing 18 U.S.C. § 3142(g)(3)(A)).

The Court is willing to credit defendant with a sincere desire to help care for his child and to credit counsel for presenting defendant's situation in the best possible light. All of the above circumstances, however, are too much for the Court to overlook. The Court is content to leave defendant's detention unchanged.

## IV. CONCLUSION

For all of the foregoing reasons, the Court denies defendant's motion for release. (Dkt. No. 24.)

Defendant will remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

Despite the Court's order of detention, and pursuant to 18 U.S.C. § 3142(i)(3), the Attorney General must afford defendant reasonable opportunity for private consultation with counsel. *See also U.S. v. Rodriguez* ("Rodriguez I"), No. 12-CR-83S, 2014 WL 4094561 (W.D.N.Y. Aug. 18, 2014). Additionally, on order of the Court or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined must deliver him to a United States Marshal for the purpose of an appearance in connection with a court proceeding in this case. *See also U.S. v. Rodriguez* ("Rodriguez II"), No. 12-CR-83S, 2015 WL 1120157, at *7 (W.D.N.Y. Mar. 12, 2015) (interpreting 18 U.S.C. § 3142(i)(4) to allow transports to prepare for an oral argument or hearing).

In accordance with 18 U.S.C. § 3142(j), nothing in this Decision and Order will be construed as modifying or limiting the presumption of innocence.

SO ORDERED.

__/s Hugh B. Scott_______
HONORABLE HUGH B. SCOTT
UNITED STATES MAGISTRATE JUDGE

DATED: September 7, 2016